UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CATHY MINIX, individually, as the natural guardian of Gregory Zick, and as personal representative of the estate of Gregory Zick; and STEVEN ZICK, individually, <br><br> Plaintiffs <br><br> vs. <br><br> FRANK CANARECCI, JR., et al., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) CAUSE NO. 3:05-CV-144- RM ) ) ) ) ) |

OPINION AND ORDER

Cathy Minix brings suit under 42 U.S.C. § 1983 as the personal representative of the estate of her deceased son Gregory Zick, alleging that the defendants deprived Gregory of certain rights under the Privileges and Immunities Clause, Article IV, § 2, (Count II) and the Eighth and Fourteenth Amendments (Count III) when they failed to prevent his suicide during his detainment at the St. Joseph County Jail. Ms. Minix and Steven Zick also allege that the defendants violated their constitutionally protected right to the continued companionship of Gregory. (Counts IV and VII).[1] The matter is before the court on the Memorial

---

[1] The plaintiffs also bring claims under Indiana law (Counts V and VI), but the defendants don't seek judgment on those claims, so this order doesn't address the propriety or existence of them.

defendants' motion for judgment on the pleadings as to Counts I, II, III, IV, and VII.[2] For the reasons that follow, the court grants their motion in part.

The court applies the same standard in considering a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Forseth v. Village of Sussex, 199 F.3d 363, 368 n.6 (7th Cir. 2000). Both motions challenge the complaint's sufficiency, not its underlying merits, Northern. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998), and the court accepts all well-pleaded allegations in the petition as true and draws all reasonable inferences in the plaintiffs' favor. Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Medical School, 167 F.3d 1170, 1173 (7th Cir. 1999).

When the Memorial defendants filed their motion for judgment on the pleadings, the court applied a standard whereby judgment would be granted at this stage "only when it appears beyond a doubt that the plaintiff[s] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Brunt v. Serv. Employees Intern. Union, 284 F.3d 715, 718-719 (7th Cir. 2002). But on May 21, the Supreme Court clarified the standard for evaluating a complaint's sufficiency:

---

[2]The Memorial defendants include Jeanne James, Reva Kirchner, Valerie Wade, Debra Adams, Jill Conn, Tracey Gore, Dr. Douglas David, Nurse Erin, Nurse Laz, and Memorial Home Care, Inc. The motion has be joined by Christine Lonz and Madison Center. The court will collectively refer to all moving parties as the Memorial defendants, unless the context specifically indicates otherwise.

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 2007 U.S. LEXIS 5901, 20-22 (2007). (quotation marks, ellipsis, citations, and footnote omitted). In other words, the Federal Rules didn't dispense with the pleading of facts all together; they eliminated the "cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim.'" Id. at n. 3 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

The court will afford the parties an opportunity to address the impact of Twombley on several aspects of the pending motion. Under either standard, though, the Memorial defendants are entitled judgment on Count II, on Count III to the extent Ms. Minix claims a violation of the Eighth Amendment, on Counts IV and VII to the extent Steven Zick brings a due process claim for loss of companionship, and

on all claims Memorial Home Care is vicariously liable for Gregory's alleged constitutional deprivations.

Count II alleges that "[t]he negligent, wrongful, and deliberately indifferent conduct of the defendants [ ] constitutes violations of the United States Constitution, Article IV, § 2, in that Gregory Zick was denied privileges and immunities granted to all citizens of the United States." The Memorial defendants claim are entitled to judgment on this claim because Gregory was an Indiana resident. The Privileges and Immunities Clause states that "[t]he citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States, and extends protection from government action only to out-of-state residents. *See* United Bldg. & Constr. Trades Council v. Mayor & Council of Camden, 465 U.S. 208, 215-218 (1984) (finding the terms "citizen" and "resident" are essentially interchangeable for purposes of analysis under the Privileges and Immunities Clause); J.F. Shea Co., Inc. v. City of Chicago, 992 F.2d 745, 749 (7th Cir. 1993) (in-state residents have no standing to challenge city ordinance under the Privileges and Immunities Clause). Ms. Minix alleges that Gregory was an Indiana resident (and her response doesn't allege otherwise), so she can prove no set of facts consistent with the complaint that would entitle her to relief. *See, e.g.*, Chavez v. Illinois State Police, 251 F.3d 612, 649 (7th Cir. 2001) (plaintiff stated no claim under the Privileges and Immunities Clause where complaint didn't allege that the Illinois State Police discriminated against nonresidents). To the

4

extent Ms. Minix brings a claim under Article VI, § 2, the Memorial defendants are entitled to judgment.

Ms. Minix cites Article IV, § 2, but she appears to intermingle this claim with a claim under the Privileges and Immunities Clause of the Fourteenth Amendment by arguing Gregory was deprived certain privileges "inherent in citizenship of the United States." *See* U.S. CONST., AMEND XIV, § 1.[3] She also cites Hague v. Committee for Indus. Organization, 307 U.S. 496, 512 (1939), which dealt with right to assemble under the Fourteenth Amendment. Yet Ms. Minix doesn't address any such claim in her response to the motion for judgment on Count III, which sets forth her Fourteenth Amendment claim. Drawing all reasonable inferences in her favor, it appears that Count II alleges that Gregory also has been deprived certain inherent privileges and immunities under § 1 of the Fourteenth Amendment.

The Fourteenth Amendment's Privileges and Immunities Clause protects only those rights that are unique to being a citizen of the United States rather than an individual state. *See* In re Storer 58 F.3d 1125, 1128 (6th Cir. 1995) (citing Shapiro v. Thompson, 394 U.S. 618, 667 (1969)); *accord* Deubert v. Gulf Fed. Savs. Bank, 820 F.2d 754, 760 (5th Cir. 1987). The rights and privileges of national citizenship include the right to (1) pass freely from state to state, (2)

---

[3] Privileges and Immunities Clause of the Fourteenth Amendment provides, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

5

petition Congress, (3) vote for national officers, (4) enter public lands, (5) be protected against violence while in the custody of a United States Marshal, (6) carry on interstate commerce, (7) to take and hold real property, and (8) inform the United States authorities of violations of its laws. Murphy v. Mount Carmel High School, 543 F.2d 1189, 1192 n.2 (7th Cir. 1976) (citing Twining v. New Jersey, 211 U.S. 78, 97 (1908)); *see also* 2 RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE OF CONSTITUTIONAL LAW § 12.7 (3rd ed. 1999).

Ms. Minix says there is a "conceivable set of facts whereby a violation of Gregory's right to be free from cruel and unusual punishment could be proved," but that right isn't peculiar to being a citizen of the federal government rather than an individual state. *See* Twining v. State of N.J., 211 U.S. at 97-99 (overruled in part by Malloy v. Hogan, 378 U.S. 1, 5 (1964)). She cites Twining v. State of N.J. for the proposition that the right to be free from cruel and unusual punishment is a privilege inherent in U.S. citizenship, but the majority rejected this position, which Justice Harlan articulated in the dissent. Id. at 98-99. The Supreme Court latter overruled Twinning v. State of N.J., holding that the Fifth Amendment applied to states via the Due Process Clause, but not because it was a right fundamental to the national character of the federal government. Malloy v. Hogan, 378 U.S. at 5. The Eighth Amendment also applies substantively to state action through due process. Ingraham v. Wright, 430 U.S. 651, 671-672 (1977) ("The right to personal security constitutes an 'historic liberty interest' protected by the due process clause.").

6

The Fourteenth Amendment's Privileges and Immunities Clause "has remained essentially moribund" since the Supreme Court's decision in The Slaughter-House Cases, *see* In re Sacred Heart Hosp. of Norristown, 133 F.3d 237, 244 (3rd Cir. 1998), apart from the holding that the right to interstate travel includes "the right of a newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same state is protected not only by the new arrival's status as a state citizen, but also by her status as a citizen of the United States." Saenz v. Roe, 526 U.S. 489, 502 (1999). Although Saenz v. Roe revived § 1 of the Fourteenth Amendment as a source of individual protection, the Supreme Court indicated no intent to expand the ambit of privileges or immunities, and the alleged misconduct in this case doesn't implicate any right unique to national citizenship. The Memorial defendants are entitled to judgment on Count II to the extent Ms. Minix claims a violation of the Privileges and Immunities Clause of the Fourteenth Amendment.

In Count III, Ms. Minix brings several claims for alleged violations of Gregory's Eighth and Fourteenth Amendment rights. She says the Memorial defendants' deliberately indifferent conduct deprived Gregory of the right to be free from cruel and unusual punishment, as well as due process and equal protection. The Eighth Amendment applies only after the State "has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. at 671 n.40 ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has

7

secured a formal adjudication of guilt in accordance with due process of law."). Ms. Minix admits for purposes of this motion that the State hadn't secured a formal adjudication of guilt in accordance with due process of law at the time of Gregory's alleged mistreatment, so the Memorial defendants are entitled to judgment on her claim for cruel and unusual punishment under the Eighth Amendment. *See, e.g.,* Cooper v. Smith, 936 F. Supp. 515, 518 (N.D. Ill. 1996) (granting defendants' motion to dismiss plaintiff's Eighth Amendment claim because at the time of the his arrest, he hadn't undergone "a formal adjudication of guilt in accordance with due process of law").

In Counts IV and VII, Steven Zick brings suit in his individual capacity, alleging he has been deprived a constitutionally protected interest in the continued familial relationship without due process of law. Steven Zick cannot proceed on his due process claim as Gregory's sibling, because he has no constitutionally protected right in his brother's companionship. Bell v. City of Milwaukee, 746 F.2d 1205, 1247-1248 (7th Cir. 1984) (overruled on other grounds). The Memorial defendants are entitled to judgment on Seven Zick's due process claim.

Memorial Home Care says it is entitled to judgment on Ms. Minix's § 1983 claims because she hasn't sufficiently alleged municipal liability. *See* Jackson v. Marion County, 66 F.3d 151, 152-155 (7th Cir. 1995); Baxter v. Vigo County Sch.

8

Corp., 26 F.3d 728, 735 (7th Cir. 1994).[4] To succeed on her § 1983 claim against Memorial Home Care, Ms. Minix will must demonstrate that Gregory's alleged constitutional deprivations occurred as the result of its express policy or custom. Jackson v. Illinois Medi-Car, Inc., 300 F.3d at 766. She can demonstrate this by showing (1) Memorial Home Care maintained an express policy that, when enforced, causes a constitutional deprivation; (2) there was a widespread unconstitutional practice that is so well settled as to constitute its custom or usage; or (3) Gregory's constitutional injury was caused by a person with "final policymaking authority." Baxter v. Vigo County Sch. Corp., 26 F.3d at 735.

Ms. Minix alleges three theories of liability for Memorial Home Care: (1) it is vicariously liable for its employees' negligent actions and omissions, (2) it had "notice of the improper care and treatment of Gregory Zick, but wholly failed to protect him," and (3) it was deliberately indifferent in training and supervising of its employees. The first theory of liability cannot survive the pleading stage under either a pre- or post-Bell Atl. Corp. v. Twombly pleading standard because there is no respondeat superior liability under § 1983. Jackson v. Illinois Medi-Car, Inc., 300 F.3d at 766.

For the foregoing reasons, the Memorial defendants' motion for judgment on the pleadings [Doc. No. 90] is GRANTED IN PART. The motion is GRANTED as

---

[4] For purposes of § 1983, a private corporation acting under color of state law is treated as though it were a municipal entity. Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 766 n.6 (7th Cir. 2002). The parties don't dispute for purposes of this motion that Memorial Home Care was acting under color of state law.

9

to Count II; Count III — to the extent the plaintiffs claim a violation of the Eighth Amendment; Counts IV and VII — to the extent Steven Zick claims a due process violation; and to the extent Ms. Minix claims Memorial Home Care is vicariously liable under § 1983 for the actions of its employees. In light of the ruling in <u>Bell Atl. Corp. v. Twombly</u>, the court declines to rule on remaining counts and DIRECTS the parties to file supplemental briefs within 15 days of the entry of this order.

    SO ORDERED.

    Entered:  June 6, 2007

                              /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United States District Court

cc: counsel of record