UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CATHY MINIX, individually, as the natural guardian of Gregory Zick, and as personal representative of the estate of Gregory Zick; and STEVEN ZICK, individually, | ) ) ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 3:05-CV-144- RM ) |
| FRANK CANARECCI, JR., et al., | ) ) |
| Defendants | ) |

## OPINION AND ORDER

On November 1, 2006, the court granted in part the summary judgment motion filed on behalf of the Madison Center and Christine Lonz, denying the motion with respect to the plaintiffs' claims brought under the privileges and immunities clause [Doc. No. 97]. On June 6, 2007, the court granted in part the defendants' motion for judgment on the pleadings, eliminating the plaintiffs' remaining claims against the Madison Center and Christine Lonz [Doc. No. 132].

Similarly, on July 3, 2007, the court granted in part and denied in part the summary judgment motion filed on behalf of the Memorial defendants [Doc. No. 137]. The Memorial defendants, who continued to have federal claims pending against Dr. David and Memorial Home Care, filed a motion to reconsider [Doc. No. 153], which the court granted on January 26, 2009 [Doc. No. 162]. On February 13, 2009, the court declined to exercise supplemental jurisdiction over the plaintiffs' remaining state law medical malpractice claims [Doc. No. 164]. This

matter is now before the court on the requests of the Memorial defendants [Doc. No. 165] and the Madison Center and Christine Lonz [Doc. No. 166] for entry of final judgment in their favor.

Federal Rule of Civil Procedure 54(b) "allows a district court to enter a judgment that resolves either (i) all aspects of the litigation concerning particular parties, or (ii) all aspects of a discrete controversy within a larger litigation." Cadelway Props., Inc. v. Ossian State Bank, 478 F.3d 767, 768 (7th Cir. 2007). Specifically, Rule 54(b) provides for final judgment on claims "that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." Ace Am. Ins. Co. v. RC2 Corp., Inc., 2008 WL 4922596, at *2 (N.D. Ill. Nov. 13, 2008) (*citing* Continental Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 516 (7th Cir. 1999)); Lottie v. W. Am. Ins. Co. of Ohio Cas. Group of Ins. Cos., 408 F.3d 935, (7th Cir. 2005) (noting that Rule 54(b) may "be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). The test for separate claims under Rule 54(b) is "whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." Ace Am. Ins. Co. v. RC2 Corp., Inc., 2008 WL 4922596 at *2 (*citing* Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997)).

The case at bar involves multiple claims for relief against multiple parties. As held in the orders described above, the court has disposed of all claims by the plaintiffs against the Memorial defendants as well as against the Madison Center and Christine Lonz (collectively referred to as the "healthcare provider defendants"). There is no just reason for delay in entering a final judgment in favor of the healthcare provider defendants. Although the remaining claims against the County defendants are scheduled for trial, these claims are distinct from those made against the healthcare provider defendants, and there are no cross claims pending between the remaining County defendants and the healthcare provider defendants. In addition, the court must apply a different standard to the plaintiffs' claims against the jail guards then to healthcare providers, who are held to a medical judgment standard. *See* Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 262 (7th Cir. 1996) (explaining that decisions made by medical professionals are presumptively valid). As such, the claims against the County defendants don't overlap with the claims against the Memorial defendants and the Madison Center and Christine Lonz such that an appeal of the claims against the County defendants would necessarily involve the same issues as an appeal regarding the claims against the healthcare provider defendants.

Accordingly, the court GRANTS the requests for final judgment made by both the Memorial defendants [Doc. No. 165] and the Madison Center and Christine Lonz [Doc. No. 166] and DIRECTS the clerk to enter final judgment for

defendants Nurse Jeanne James, R.N., Nurse Reva Kirchner, L.P.N., Valerie A. Wade, Nurse Debra Adams, Nurse Jill Conn, L.P.N., Tracey Gore, Q.M.A., Nurse Laz, Nurse Erin, Dr. Douglas David, M.D. and Memorial Home Care, Inc., an affiliate of Memorial Health Systems, Inc., Christine Lonz, and the Madison Center and against the plaintiffs.

SO ORDERED.

Dated:  March 16, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court