UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CATHY MINIX and STEVEN ZICK, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-144 RM |
| ) | |
| SHERIFF FRANK CANARECCI, JR., ) | |
| et al. ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This matter comes before the court on the plaintiffs' motion for attorney's fees and on defendant Sheriff Canarecci's motion to strike the plaintiffs' motion. The plaintiffs lost their son and brother, Gregory Zick, to suicide while he was detained in a St. Joseph County jail, and eventually filed an amended complaint against twenty-six defendants. The plaintiffs presented seven theories of liability against each of the twenty-six defendants, including violations under § 1983, negligence, and wrongful death. The § 1983 theories included violations of the United States Constitution's Article IV, § 2 Privileges & Immunities clause, violations of the Fourteenth Amendment (including Privileges & Immunities, Due Process, and Equal Protection), and violations of the Eighth Amendment.

The court granted summary judgment to all defendants on all federal counts, except for Sheriff Canarecci. The court granted summary judgment to Sheriff Canarecci on all federal counts except for the Eighth Amendment

deliberate indifference count. Shortly before trial on this issue, the plaintiffs and Sheriff Canarecci reached a settlement agreement amounting to $75,000. The agreement said nothing about attorney's fees and costs.

The plaintiffs have appealed the summary judgment rulings. This court has remanded all state counts against all defendants to state court where, as far as this court is aware, the plaintiffs still pursue their state law claims.

The plaintiffs' motion seeks $744,023.92 in fees and costs. This includes $520,959.25 in attorney's fees for Hoeppner, Wagner & Evans LLP, $67,013.50 in attorney's fees for Konopa & Reagan, P.C., $127,375.80 in expert witness fees, and $28,675.37 in costs under 28 U.S.C. § 1920.

Sheriff Canarecci moved to strike the motion, stating that the settlement amount of $75,000 was meant to include attorney's fees and costs. The plaintiffs filed a response, but the parties have filed no other responses or replies to the motions before the court.

*A. Motion to Strike*

Sheriff Canarecci's motion to strike boils down to whether the court may assume that a settlement agreement in a civil rights case includes attorney's fees and costs when the agreement is silent on the issue. Sheriff Canarecci's motion cites no law indicating this court may assume the settlement included attorney's fees and costs, nor does Sheriff Canarecci provide any evidence that this was the parties' agreement. The plaintiffs' response contains no denial that this was the

2

parties' agreement and doesn't cite any law indicating this court must not assume the settlement included attorney's fees and costs.

It appears that our court of appeals hasn't taken up the question. To assume that an agreement such as this one was meant to include attorney's fees and costs would run counter to Congress' policy of awarding attorney's fees to private attorneys general. *See* 42 U.S.C. § 1988 ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs"); Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) ("The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."); *cf.* Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978) ("[A] prevailing [Title VII] plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances."); Torres v. Metro. Life Ins. Co., 189 F.3d 331, 333 (3rd Cir. 1999) (rejecting "silence equals waiver" rule); Valley Disposal, Inc. v. Cent Vt. Solid Waste Mgmt. Dist., 74 F.3d 1053, 1059 (2d Cir. 1995) (noting district court correctly concluded no waiver of attorney's fees had taken place).

Accordingly, with no evidence that the parties' settlement meant to include attorney's fees and costs, the court denies Sheriff Canarecci's motion to strike.

*B. Motion for Attorney Fees and Costs*

The plaintiffs request $587,972.75 in legal fees plus prejudgment interest, $127,375.80 in expert witness fees, and $28,675.37 in costs. Their motion includes affidavits as to reasonable attorney rates and bills accounting for their hours worked. The plaintiffs' request doesn't provide any argument or guidance as to how prejudgment interest should be applied in this case.

A court may award reasonable attorney's fees to the prevailing party in a § 1983 action. 42 U.S.C. § 1988(b). Plaintiffs are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). By virtue of the settlement and entry of judgment, the plaintiffs here are prevailing parties. *See, e.g.*, Walker v. Calumet City, Ill., 565 F.3d 1031, 1033-34 (7th Cir. 2009). Qualifying as a prevailing party doesn't suggest the plaintiffs have achieved all the benefit sought in bringing suit. It means only that they have crossed the statutory threshold allowing a court to grant them attorney's fees. *See* id.

The district court decides what fee is "reasonable," Hensley v. Eckerhart, 461 U.S. at 433, and this is a fact-intensive inquiry guided by certain principles, *see* id. at 429. The best starting point is the lodestar method of multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. at 433. But that is only a starting point, not an ending point. The court may adjust the fee award according to various factors, including the amount involved and the results obtained. McNabola v. Chicago Transit Auth., 10 F.3d 501, 518 (7th Cir. 1993)

(citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Plaintiffs' attorneys may be awarded attorney's fees for related, but unsuccessful claims, Hensley v. Eckerhart, 461 U.S. at 434-435, but "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." Hensley v. Eckerhart, 461 U.S. at 440; *see also* id. at 436 ("If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole," id., and "the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained," id. at 437.

The plaintiffs request an award of fees and costs just shy of $750,000, including attorney's fees for the vast majority of the time they have spent on this entire case, 100 percent of expert witness fees, and 100 percent of costs. Under the applicable principles of law, this amounts to a claim that by virtue of their settlement, they are not only a "prevailing party" but they have been overwhelmingly successful in obtaining all benefits sought, including compensatory and punitive damages. The court disagrees.

Courts don't decide fee awards based solely on arbitrary math, dividing the hours expended on a claim-by-claim basis, without considering the significance of the overall relief obtained. Hensley v. Eckerhart, 461 U.S. at 435.

Before the settlement, Hoeppner, Wagner & Evans LLP had spent 3,814.8 hours, and Konopa Reagan, P.C. had spent 522 hours on this case: a combined law firm effort of 4,336.8 hours for a current success tally of a settlement of $75,000.

The plaintiffs tried to remove from their bill hours related solely to their medical malpractice claims. Based on the bills submitted, Hoeppner, Wagner & Evans appears to have removed 547.75 hours from its bill — about 14.4 percent, leaving 86.6 percent of its work in some way related to Sheriff Canarecci's conduct. Konopa Reagan's bill provides the court with no indication at all of how many hours it removed from its bill for work done related solely to the medical malpractice claims.

There were twenty-six defendants in this case, with seven separate legal issues raised with respect to each defendant (Article IV, § 2 Privileges & Immunities, 14th Amendment Privileges & Immunities, 14th Amendment Due Process, Equal Protection, Cruel and Unusual Punishment, negligence / medical malpractice, and wrongful death) — 182 separate legal issues. The plaintiffs' claim for attorney's fees arises with respect to a settlement with one defendant on one legal issue. All the legal issues raised point to the question of liability for Gregory Zick's death, and some legal issues were more central and essential to this

question of liability than others, while others had little apparent merit (e.g., the claim that each of 26 defendants is liable for violations of Article IV, § 2 Privileges & Immunities). The court dismissed all but one of the 130 federal claims, and all fifty-two of the state law claims remain in litigation in state court. The plaintiffs might end up being highly successful on the 181 issues no longer before this court, or might end up losing on every single one of those remaining legal issues. Depending on what happens, the $75,000 settlement with Sheriff Canarecci will appear to be either an acknowledgment of liability or a bargain to end meritless litigation.

The plaintiffs request $127,375.80 in expert witness fees, but don't indicate how much of the expert witness' time and effort was spent on matters related solely to the medical malpractice claims, or whether and to what extent experts were involved and would have been involved at trial of Sheriff Canarecci's alleged deliberate indifference. It seems unlikely that it would take expert time worth more than $100,000 to establish the decedent's history of mental health problems at trial.

In light of this, the plaintiff's application falls below the level of specificity required by <u>Hensley v. Eckerhart</u>, 461 U.S. at 434. This finding would allow the court to deny the plaintiffs' request altogether, but the plaintiffs did spend time and effort in preparing for trial against Sheriff Canarecci, and, since they are the prevailing party they are entitled to attorney's fees for their efforts. Nonetheless, given the principles set forth in <u>Hensley v. Eckerhart</u>, and given the plaintiffs'

7

unhelpful submission, it would not be reasonable for the court to come up with what would be an arbitrary number for attorney's fees and costs in this case at this time.

Accordingly, the plaintiffs' motion for attorney fees is DENIED. It is ORDERED that the plaintiffs are granted leave to re-file their motion for attorney's fees and costs with a more reasonable request and with more reliable yardsticks by which the court may determine their award. This filing must be made within 10 days of entry of this order, with Sheriff Canarecci's response due within 15 days after filing of such motion. Should the plaintiffs re-file their motion, they are to take into account the concerns discussed in this opinion, the principles set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) and cases discussing those principles, and 42 U.S.C. § 1988 generally.

*C. Conclusion*

In summary,

(1) defendant Sheriff Canarecci's motion to strike Plaintiffs' motion for attorney's fees [Doc. No. 203] is DENIED;

(2) the plaintiffs' motion for attorney's fees [Doc. No. 200] is DENIED;

(3) It is ORDERED that the plaintiffs are granted leave to re-file their motion for attorney's fees and costs in accord with the guidelines set forth herein within 10 days of entry of this order. Sheriff Canaerecci's response shall be due within 15 days after filing of such motion.

SO ORDERED.

ENTERED: December 30, 2009

                                              /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court,